UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY CUTLIP, | ) CV F 99 5778 SMS |
| | ) |
| Plaintiff, | ) ORDER TO THE PARTIES TO FILE |
| | ) SUPPLEMENTAL BRIEFS |
| | ) |
| v. | ) Due Date for Defendant's |
| | ) Supplemental Brief: |
| JO ANNE B. BARNHART, | ) **November 20, 2006** |
| Commissioner of Social | ) |
| Security, | ) Due Date for Plaintiff's |
| | ) Supplemental Brief: |
| Defendant. | ) **December 10, 2006** |
| | ) |

   Plaintiff is proceeding with an action in which Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security denying Plaintiff's application for benefits. Pursuant to 28 U.S.C. § 636(c), both parties have consented to the Magistrate's jurisdiction to conduct all proceedings, including ordering the entry of judgment.[1]

   This case was previously remanded by this Court for the purpose of clarifying transferability of skills at steps four and five. In its order of remand, the Court stated:

---

[1] On March 1, 2000, Judge Oliver W. Wanger reassigned the matter to the undersigned Magistrate Judge for all further proceedings, including the entry of judgment.

1

> Cutlip is correct that individuals in the 50-54 age group with limited education and nontransferable skills are generally found disabled. While Cutlip may have transferable skills, it is unclear whether or not those skills are transferable to the jobs of assembler, sorter, and inspector. It is further unclear whether or not these three jobs are unskilled such that Cutlip would be deemed uncompetitive for these jobs due to his age. As such, the Court remands the matter to clarify this.

(A.R. 640.)

On remand, the Appeals Council of the agency issued the following order on December 11, 2001:

> The United States District Court has remanded this case to the Commissioner of Social Security for further administrative proceedings in accordance with the fourth sentence of section 205(g) of the Social Security Act. Therefore, <u>the Appeals Council vacates the final decision of the Commissioner of Social Security in this case and remands the case to an Administrative Law Judge for further proceedings consistent with the order of the court.</u> The Administrative Lw Judge will provide the claimant an opportunity to appear at a hearing, take any further action needed to complete the administrative record and issue a new decision. <u>The Administrative Law Judge will also consider the finding that the claimant became disabled on June 1, 1999, made in connection with subsequent applications filed on June 11, 1999.</u> All the appropriate records will be obtained.

(Emphasis added.) (A.R. 642.)[2]

Upon remand, ALJ Michael J. Haubner held a hearing on October 16, 2002, at which Plaintiff appeared and was represented by an attorney. (A.R. 572.) The ALJ had received before the hearing answers to interrogatories from Thomas Dachelet, a VE, concerning Plaintiff's past relevant work and transferable skills. (A.R. 572, citing to Exhibits 4E and 5E, at A.R. 678-688.) The ALJ issued a decision dated November 6, 2002, (A.R. 572-578) in which he acknowledged that the Court's order directed

---

[2] According to Defendant, Plaintiff had filed additional, later applications for benefits on February 16, 1995, October 22, 1997, and January 29, 1999, which were denied (but only one was denied by an ALJ). (Deft.'s Brief p. 2 n. 1, citing in turn A.R. 80-83, 17, 211-214, 84-87, 90-92, 166-74, 192-95, 196-99, 202-05.)

remand because the ALJ did not completely address the issue of transferable skills, and that he had been instructed to clarify whether Plaintiff had skills transferable to he jobs of assembler, sorter, and inspector. (A.R. 572.) He further noted the instruction to consider the finding that Plaintiff had been found to have been disabled on June 1, 1999, in connection with subsequent applications filed on June 11, 1999. (Id.) The ALJ considered the relevant time period to be from May 20, 1994 (the date on which Plaintiff had alleged that he initially became disabled) until May 31, 1999 (the day before the date upon which Plaintiff had been determined in the interim to have become disabled. (Id.)

Instead of simply receiving and considering evidence from the VE regarding the transferability of Plaintiff's skills, and further considering the subsequent finding of Plaintiff's disability, the ALJ additionally took into evidence medical records covering the period from May 3, 1995 to September 14, 1995 from U.C. Irvine Medical Center (A.R. 689-731); records from Sutter Merced Medical Center from April 18, 1997 through September 13, 1999 (A.R. 733-813); a report of an internal medicine consultative examination dated November 20, 1999, by Usman Ali, M.D. (A.R. 814-17) (a report thus dated approximately six months after the period of disability pertinent to Plaintiff's original application), and an RFC assessment by state agency physician dated December 31, 1999 and consultation request dated January 3, 2000 (A.R. 818-27) (items likewise occurring seven or more months beyond the pertinent period).

In his decision of November 2002, the ALJ not only addressed

sequential evaluation step five, but he also re-adjudicated sequential evaluation steps two[3] as well as Plaintiff's previously unchallenged RFC, elevating it from sedentary to light. (A.R. 573.) The ALJ re-evaluated evidence that had been evaluated in the initial opinion, including the evidentiary basis of the initial sedentary RFC. (A.R. 574.) He also considered evidence emanating from time periods before and after the pertinent period. (A.R. 574-75.) He considered transferability of skills to new positions addressed by the VE based on the new RFC of light work, including a stage setting painter and railroad car letterer; he also considered the availability of of unskilled sedentary and light positions in the economy based on assumptions consistent with the new, less restrictive RFC. (A.R. 575-76.)

Further, Defendant noted in its brief (p. 2 n. 1, citing to A.R. 18) that the "current" ALJ concluded that the previous applications and decisions were final and that there was no good cause for re-opening.

The only authority cited by Defendant in its brief in support of the power, jurisdiction, or authority of the agency to exceed the scope of the limited remand directed by this Court, including considering other issues and evidence not related to the subject of the limited remand, is regulations (20 C.F.R. §§ 404.983 and 416.1483) and the Appeals Council's order of remand, which in pertinent part remanded the case to an ALJ for further proceedings "consistent with the order of the court," and further instructed the ALJ to consider the finding that the claimant

---

[3] He did not list degenerative joint disease of the cervical spine as a severe impairment, contrary to the unchallenged findings of the initial ALJ.

4

became disabled on June 1, 1999, made in connection with subsequent applications filed on June 11, 1999, and that all the appropriate records would be obtained.

It is not clear whether the Appeals Council in making its order to the ALJ to consider a subsequent finding and additional evidence was relying on any conduct of Plaintiff, any reopening of Plaintiff's proceeding, or any other principle of authority or jurisdiction pertinent to social security law, aside from the regulation, which would make appropriate the consideration of matters such as Plaintiff's RFC, which appear implicitly to have been relied upon in the Court's decision as finally determined and not subject to challenge.

Defendant IS DIRECTED to file no later than November 20, 2006, a supplemental brief explaining in detail its position regarding the propriety of the actions of the Appeals Council and ALJ and containing authority, beyond the regulations already cited, supporting the Appeals Council's order and the ALJ's consideration of matters in addition to the narrow question of evidence of transferability of skills with respect to the stated occupations.

Plaintiff MAY FILE a supplemental reply brief no later than December 10, 2006.

IT IS SO ORDERED.

**Dated:   October 31, 2006**              /s/ Sandra M. Snyder
icido3                                     UNITED STATES MAGISTRATE JUDGE

5